

EXHIBIT A

| STATE OF MAINE | SUPERIOR COURT |
|---|---|
| CUMBERLAND, ss. | CIVIL ACTION |
| | Docket No. _____ |

ECOMAINE, INC.

    Plaintiff,

v.             **COMPLAINT**

POWER SERVICES GROUP, INC.

    Defendant.

   Plaintiff ecomaine Inc. through its attorneys complains against Defendant Power Services Group, Inc. as follows:

## PARTIES

   1. Plaintiff ecomaine, Inc. is a Maine non-profit, non-stock public municipal corporation having a place of business in Portland, Maine.

   2. On information and belief, Defendant Power Services Group, Inc. ("**Defendant**" or "**PSG**") was at all times material to this Complaint a Delaware corporation having a principal place of business in Cape Coral, Florida.

## JURISDICTION AND VENUE

   3. Jurisdiction in this action is based upon the Court's general and plenary jurisdiction pursuant to 4 M.R.S.A. § 105.

   4. Venue is appropriate in the Cumberland County Superior Court pursuant to 4 M.R.S.A. § 155(4) as Plaintiff maintains a place of business in this county and the contract that is the subject of this dispute permits maintenance of this action in this venue.

## GENERAL ALLEGATIONS

5. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 4 of this Complaint as if the same were set forth in full herein.

6. ecomaine was founded in 1976 by the municipalities of Cape Elizabeth, Portland, Scarborough, and South Portland in response to a Maine law that called for the closing of privately owned landfills.

7. In 1988, the organization added a waste-to-energy facility that uses waste as fuel to generate electricity and to reduce the volume of trash being landfilled.

8. Today, ecomaine has more than 73 communities under contract for its municipal waste and recycling services.

9. ecomaine's waste-to-energy facility employs a turbine generator that, among other things, creates electricity out of the steam produced from burning waste.

10. When a turbine generator is not in service, the facility cannot process the same amount of trash, and it must send the unprocessed portion of its trash directly to the landfill at a per-ton cost to ecomaine.

11. Also, when a turbine is out of service, it does not generate electricity, which electricity ecomaine does not have to purchase for its operational needs, and the excess of which it sells back to the electrical grid as it is produced.

12. Also, when a turbine is out of service, the facility experiences costs related to the more frequent breakdown of other equipment exposed to the higher levels of heat experienced within the facility in the absence of the turbine.

13. On or about August 24, 2021, ecomaine published a request for proposals (the "**RFP**") soliciting bids on a contract to perform a major inspection and overhaul of an ecomaine turbine generator.

14. The RFP contained detailed specifications for the work to be performed on the turbine generator and the timeline for commencement and completion of the work.

15. PSG submitted a proposal as part of the RFP process, and this proposal was accepted by ecomaine.

16. Following this, on or about November 16, 2021, ecomaine and PSG entered into a contract in which PSG promised to perform a major inspection and overhaul of an ecomaine turbine generator (the "**Contract**").

17. As part of the Contract, PSG pledged to "commence the Work required by the Contract Documents upon the date of this Agreement, with a completion date no later than April 22, 2022."

18. Also as part of the Contract, the parties agreed that "Time is of the essence in connection with Contractor's performance of the Work and performance of its obligations under the Contract."

19. ecomaine took the subject turbine generator (the "**Turbine**") out of service on or about March 28, 2022 and PSG took delivery of the Turbine components on or about April 3, 2022 in Pevely, Missouri.

**PSG's Overly Aggressive Grit Blasting and Blade Damage**

20. As part of its service, on or about April 4-10, 2022, PSG cleaned the Turbine rotor and attached blading, which is a grit blasting process.

3

21. PSG's grit blasting of the Turbine's rotor and blading was overly aggressive and damaged the Turbine through chipping and wearing away the airfoils in the Turbine's rotor blades.

22. As a result of PSG's overly aggressive grit blasting, multiple Turbine rotor blade rows were required to be replaced that had previously not been in immediate need of replacement, and that would otherwise likely have lasted the lifetime of the Turbine.

### PSG's Failed Rotor Weld Repairs and Rotor Damage

23. In addition, PSG did not properly perform a rotor weld repair.

24. A non-destructive evaluation ("**NDE**") performed on or about May 10, 2022 following PSG's first attempt at the rotor weld repair showed cracks in the weld.

25. PSG attempted the weld repair again, and again the post-weld NDE showed cracks in the weld.

26. As a result of PSG's failed weld repairs, ecomaine was required to undergo an emergency procurement to hire a third party to develop a new geometry for the rotor.

27. The work involved undoing PSG's problematic work and then redesigning and reshaping the Turbine's rotor and seals.

28. As a consequence of the redesigned and reshaped rotor and seals, the Turbine's original packing seals, which are shaped to the Turbine geometry, became unusable, and new packing seals had to be created for the Turbine.

### PSG's Failed Inspection and Delay in Turbine's Return to Service

29. In addition, PSG performed an inadequate inspection of the Turbine on or about April 10, 2022 in which PSG failed to identify multiple cracks in the Turbine's rotor.

30. Following the inspection, PSG sent the Turbine off to be balanced.

4

31. Prior to the Turbine being balanced, the same inspection was repeated by a different vendor. This inspection revealed numerous easily identifiable cracks in the Turbine's rotor.

32. The purpose of PSG's inspection was to discover just such cracks.

33. Had PSG identified the rotor cracks during its inspection, the process of repairing these cracks in the rotor could have begun at the same time the new blades were out on order, rather than occurring afterward.

34. PSG's failure to discover these cracks in its inspection led to an approximate 66-day delay in returning the Turbine to service.

35. To mitigate its damages and return the Turbine to service as soon as possible, ecomaine paid the entity then repairing the Turbine, Sulzer, Ltd., an expediting fee to move its turbine repair to the front of Sulzer's project line.

36. In addition, to mitigate its damages by reducing the amount of waste that needed to bypass the facility during the extended outage, ecomaine rented a steam blow silencer.

## COUNT I
## BREACH OF CONTRACT

37. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 36 of this Complaint as if the same were set forth in full herein.

38. PSG contracted with ecomaine to perform a major inspection and overhaul of the Turbine.

39. PSG failed to perform its contracted services with the care or skill required to fulfill its obligations under the Contract.

40. As a result of PSG's contractual breaches, Plaintiffs have sustained damages of over $3 million including damages for the costs of (i) inspection and assessment of PSG's

failures, (ii) blade replacement, (iii) redesigning and reshaping the Turbine's rotor and seals, and (iv) replacement packing seals; damages due to the delay in the Turbine's return to service including (v) excess trash bypass fees, (vi) excess loss of electrical generation revenue and electrical usage expense, and (vii) excess overtime and facility repair costs; and costs to mitigate ecomaine's damages including (viii) the cost of a steam blow silencer to reduce trash bypass costs, and (ix) a fee to expedite the Turbine's repair following PSG's breaches.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount to be determined at trial, of not less than $3 million, plus pre- and post-judgment interest, attorneys' fees, litigation costs and expenses, and for such other and further relief as the Court may deem appropriate.

Dated: May 10, 2024

JENSEN BAIRD

/s/ Erica Johanson / CKL Bar #4039
Erica M. Johanson, Esq. Bar No. 010008
Ten Free Street
P.O. Box 4510
Portland, Maine 04112
(207) 775-7271
ejohanson@jensenbaird.com

*Attorneys for Plaintiff ecomaine, Inc.*

6

EXHIBIT B

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

Plaintiff: ecomaine

v.

Defendant: Power Services Group, Inc.
Address: 1209 Orange St. Wilmington, DE 19801

"X" the court for filing:
☒ Superior Court ☐ District Court
County: Cumberland
Location (Town): Portland
Docket No.: _____

## SUMMONS
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (street address) 205 Newbury St., in the Town/City of Portland, County of Cumberland, Maine. If you wish to oppose this lawsuit, you or your attorney MUST PREPARE AND SERVE A WRITTEN ANSWER to the attached Complaint WITHIN 20 DAYS from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☒ Superior Court,

205 Newbury St. (Mailing Address), Portland (Town, City), Maine 04101 (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (mm/dd/yyyy): _____
Erica M. Johanson, Esq. (☒ Attorney for) Plaintiff
Bar #: 010008
Address: P.O. Box 4510, Portland, ME 04112
Telephone/Email: 207-775-7271 / ejohanson@jensenbaird.com

(Seal of Court)
Shelly Sawyer
Clerk

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-030, Rev. 07/18
Summons

Page 1 of 2

www.courts.maine.gov

CONTAINS NONPUBLIC DIGITAL INFORMATION

MAINE JUDICIAL BRANCH

STATE OF MAINE

_____ County

On (date) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:
_____

☐ to the above-named Defendant in hand.

☐ to (name) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (name) _____, who is authorized to receive service for Defendant.

☐ by (describe other manner of service): _____
_____

Date (mm/dd/yyyy): _____    ▶ _____
                                          Deputy Sheriff Signature

                                        _____
                                          Printed Name

                                        _____
                                          Agency

**Costs of Service:**

Service:   $ _____
Travel:    $ _____
Postage:   $ _____
Other:     $ _____

Total      $ _____

---

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.